IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal No. 4:13-cr-010 |
| | ) |
| v. | ) PLEA AGREEMENT |
| | ) |
| CHARLES R. BARBOUR, | ) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, Charles R. Barbour, and Defendant's attorney, enter into this Plea Agreement.

### A. CHARGES

1. <u>Subject Offense</u>. Defendant will waive Indictment (by executing a separate waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information charging a violation of Title 26, United States Code, Section 7201, that is tax evasion.

2. <u>No Charges to be Dismissed</u>. There are no charges to be dismissed.

3. <u>No Further Prosecution</u>. The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, or (2) any crime of violence.

### B. MAXIMUM PENALTIES

4. <u>Maximum Punishment</u>. Defendant understands that the crime to which he is pleading guilty carries a maximum sentence of up to five (5) years; a maximum fine of

$250,000.00; costs of prosecution; and a term of supervised release of not more than three (3) years. A mandatory special assessment of $100 also must be imposed by the sentencing court.

5. <u>Supervised Release – Explained</u>. Defendant understands that, during any period of supervised release or probation, he will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, he could be sentenced to an additional term of imprisonment, without any credit for time previously served.

### C.  NATURE OF THE OFFENSE – FACTUAL BASIS

6. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under Count 1, tax evasion, the Government would be required to prove beyond a reasonable doubt the following elements:

    (1)    the Defendant owed substantial income tax in addition to that which he reported on his return;

    (2)    the Defendant attempted to evade and defeat that additional tax; and

    (3)    the Defendant acted willfully.

7. <u>Factual Stipulations</u>. Attached hereto as Attachment "A", and incorporated by reference herein, are factual stipulations entered into between the parties, including the factual stipulations of Defendant's offense conduct relating to the subject offense. Defendant acknowledges that these statements are true. Defendant further agrees that these factual statements may be used by any party, including the United States, in any other proceeding, unless the Court should permit the Defendant to withdraw from this Plea Agreement prior to sentencing.

8.    Truthfulness of Factual Basis. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that he must answer these questions truthfully, and that he can be prosecuted for perjury if he gives any false answers.

9.    Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.  SENTENCING**

10.    Sentencing Guidelines. Defendant understands that his sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)    the nature of the offense to which Defendant is pleading guilty;

(b)    the amount of tax due and owing;

(c)    whether sophisticated means were used to commit all or part of the offense;

(d)    whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

(e)    the nature and extent of Defendant's criminal history (prior convictions); and

(f)    acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the

Guidelines, up to the maximum in the statute of conviction. Defendant has also discussed the Sentencing Guidelines with his attorney.

11. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG § 3E1.1. The Government reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding, Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw his plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of his intent to plead guilty.

12. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

13. <u>Evidence at Sentencing</u>. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this

Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

14. <u>Sentence to be Decided by Judge – No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, is not a promise, and is not binding. Therefore, it is uncertain at this time what the Defendant's actual sentence will be.

15. <u>No Right to Withdraw Plea</u>. Defendant understands that he will have no right to withdraw his plea if the sentence imposed, or the application of the Sentencing guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

### E. FINES, COSTS, AND RESTITUTION

16. <u>Fines and Costs</u>. Issues relating to fines are not dealt with thin this agreement, and the parties are free to espouse their respective positions at sentencing. The Government agrees not to seek costs of prosecution provided the Defendant enters a timely plea of guilty.

17. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $100 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

18. <u>Restitution</u>. Defendant agrees that the Court should impose an order of restitution for all relevant conduct in an amount to be determined by the Court at sentencing; that such order

of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, he shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

19.  Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

### F.  LIMITED SCOPE OF AGREEMENT

20.  Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

21.  Agreement Limited to Southern District of Iowa. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

22.  No Resolution of Civil Tax Liability. Defendant understands that the "tax loss" described in this Plea Agreement is for the sole purpose of computing his base offense level under the United States Sentencing Guidelines. This Plea Agreement does not resolve any civil

tax liability (including penalties) Defendant may have for any taxable period. The Internal Revenue Service is not a party to this Agreement and remains free to pursue all lawful civil remedies it may deem appropriate, which are permitted by law, including assessments against Defendant for additional tax due and owing and levies or garnishments to collect these amounts. However, Defendant remains free to make any payments to the Internal Revenue Service at any time toward the payment of any tax liability that may exist.

23.     Special Condition. Should the Court impose a period of probation or supervised release as part of the sentence in this case, the parties agree to jointly recommend to the Court that the following "special" conditions be imposed, in addition to the "standard" conditions of probation and/or supervised release, in lieu of any order of restitution:

   (a)   that Defendant cooperate with the Internal Revenue Service in the determination, assessment and payment of any tax liability that Defendant may have for the calendar years 2006, 2007, 2008, and 2009;

   (b)   that Defendant pay in full any tax liability (including interest and penalties) as finally determined by the Internal Revenue Service, or make arrangements with the Internal Revenue Service to begin making payments on that tax liability with 60 days of the final assessment by the Internal Revenue Service;

   (c)   that Defendant provide to the United States Probation Office a copy of any payment plan agreed upon with the Internal Revenue Service, and that Defendant actually make the required payments; and

   (d)   that Defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the United States Probation Office.

**G.     WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

24.     Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

7

(a) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) a speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) the assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) confront and cross-examine adverse witnesses;

(e) present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if he so chooses); and

(g) if Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

25. <u>Waiver of Appeal and Post-Conviction Review</u>. Defendant knowingly and expressly waives any and all rights to appeal his conviction in this case, including a waiver of all motions, defenses and objections which he could assert to the charge or to the court's entry of judgment against him; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest his conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or

prosecutorial misconduct not known to Defendant, or reasonably knowable, at the time of entering this Plea Agreement.

### H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

26.   <u>Voluntariness of Plea</u>.  Defendant represents that his decision to plead guilty is his own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with his attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or his family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

27.   <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that he is satisfied with the representation provided by his attorney.

(b)   Defendant has no complaint about the time or attention his attorney has devoted to his case nor the advice the attorney has given.

(c)   Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of his attorney, and with a full understanding of his rights, the facts and circumstances of the case, and the consequences of the plea.

### I.   GENERAL PROVISIONS

9

28. <u>Entire Agreement</u>. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

29. <u>Public Interest</u>. The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

30. <u>Execution/Effective Date</u>. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

**J.     SIGNATURES**

31. <u>Defendant</u>. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_____1/11/13_____                            _____
Date                                            Charles R. Barbour   1/11/13
                                                Defendant

32. <u>Defendant's Attorney</u>. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of his own free will, with full knowledge of his legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_01/11/13_
Date

*James R. Cook* (signature)
James R. Cook
401 Grand Avenue
West Des Moines, Iowa 50265
Tel: (515) 327-9494
Fax: (515)
Email:
Attorney for Defendant

33. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

By: *Mary C. Luxa* (signature)

Mary C. Luxa
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Mary.Luxa@usdoj.gov

11

### Attachment "A"

### STIPULATION OF FACTS

1. At all times material, the Defendant, Charles R. Barbour was a licensed dental technician.

2. Barbour incorporated Smile Technologies in 2002. Barbour treated this business as a sole proprietorship and reported income and expenses on federal income tax Schedule C each year.

3. Between 2006 and 2009, Barbour created dentures for North Iowa Dentures (NID), a private dental practice. NID owned the dental lab where Barbour worked and NID paid for all of the expenses involved in the making of the dentures.

4. NID received all the payments for the dentures from its patients, deducted expenses, and split the remaining proceeds evenly with Barbour.

5. At all times material, Barbour maintained two bank accounts: a business checking account and a personal checking account. *Defendant STIPULATED* [handwritten: CRB, JMC, MCL]

6. ~~Barbour deposited some of his income into his personal checking account, but denied having any account except his business account during the IRS audit and when interviewed by the IRS Criminal Investigation Division.~~ [handwritten marginalia: withdrawn by agreement of counsel; government reserved right to discuss at sentencing]

7. Barbour willfully understated his income on his Schedule C for the tax year 2006 in the amount of $80,927.00.

8. Barbour willfully understated his income on his Schedule C for the tax year 2007 in the amount of $50,940.00.

9. Barbour willfully understated his income on his Schedule C for the tax year 2008 in the amount of $52,895.00.

10. Barbour willfully understated his income on his Schedule C for the tax year 2009 in the amount of $11,300.00.

11. Barbour willfully claimed false business expenses on the Schedules C for tax years 2007, 2008 and 2009: deducting internet and cable expenses for his residence as advertising expense; rent payments on a condominium and an apartment as rent expense; loan repayments to his parents as equipment repairs and maintenance expense; payments for his daughter's medical expenses as medical supplies; payments to a local country club as professional development; and child support payments as professional fees and contract labor expenses.

12. The total additional tax due and owing for the tax years 2006, 2007, 2008 and 2009 is $76,622.00.

I certify that the above-stated facts are true and correct.

__1/13/13__  
Date

__1/11/13__  
Date

__1/12/13__  
Date

Charles R. Barbour  
Defendant

James R. Cook  
Attorney for Defendant

Mary C. Luxa  
Assistant United States Attorney